IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PHELICEA M. REDD, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | 1:25-cv-152 (PTG/LRV) |
| ) | |
| DEPARTMENT OF DEFENSE ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant Department of Defense's Motion to Dismiss. Dkt. 11. On January 29, 2025, Plaintiff Phelicea Redd, proceeding *pro se*, filed a Complaint against Defendant for alleged constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.[1] Dkt. 1. Plaintiff's underlying facts allege that Defendant "processed documents against [her] based on the Articles in the [Uniform Code of Military Justice (UCMJ)] . . . [and] [u]sed those documents to unlawfully coordinate with local law enforcement to conduct an unlawful/illegal arrest." *Id.* at 4. Plaintiff seeks $100 billion in damages for the alleged constitutional violations. *Id.* at 5.

On April 1, 2025, Defendant filed the instant motion seeking to dismiss this matter for lack of subject matter jurisdiction and for failure to state a claim. Dkts. 11, 12; Fed. R. Civ. P. 12(b)(1), 12(b)(6). The Court subsequently entered an order notifying Plaintiff that she had twenty-one days

---

[1] While the form Complaint purports to bring only a *Bivens* claim, several other sections of the Complaint directly refer to § 1983 claims as well. Dkt. 1 at 3 (indicating *Bivens* as the only basis for jurisdiction but subsequently claiming deprivation of rights under § 1983). The Court must "liberally construe a *pro se* litigant's complaint." *Laber v. U.S. Dep't of Def.*, No. 3:21-cv-502, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021).

1

from the entry of the order to file an opposition to Defendant's Motions. Dkt. 24; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). It further advised Plaintiff that the Court could dismiss some or all of Plaintiff's claims based on Defendant's papers if Plaintiff did not file a response. Dkt. 24. To date, Plaintiff has failed to file a response to Defendant's Motion. The Court is obligated "to ensure that dismissal is proper" even when a motion to dismiss is unopposed. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). The Court will therefore resolve the Motion on Defendant's papers. For the reasons that follow, the Court will grant Defendant's Motion to Dismiss (Dkt. 11).

## Legal Standard

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Lack of subject matter jurisdiction is raised in a motion under Federal Rule of Civil Procedure 12(b)(1). *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1994). When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "[A] dismissal for lack of subject matter jurisdiction 'must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" *Womack v. Owens*, 736 F. App'x 356, 357 (4th Cir. 2018) (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

Furthermore, to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[A] court is not required 'to accept as true a legal conclusion couched as a factual allegation,' or a legal conclusion unsupported by factual allegations." *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) and citing *Iqbal*, 556 U.S. at 680-82).

## Discussion

Defendant seeks to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and, alternatively, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 12. The Court addresses each in turn.

First, the Court concurs with Defendant that Plaintiff appears to state a claim against the United States for wrongful acts or omissions of federal government officials in their official capacity. *See* Dkt. 12 at 4; Dkt. 1. Accordingly, the Court construes the Complaint as raising a claim under the Federal Tort Claims Act ("FTCA"), which "creates a limited waiver of the United States' sovereign immunity" for tortious actions by federal employees acting within the scope of their employment.[2] 28 U.S.C. §§ 1346(b), 2679. However, to bring a claim under the FTCA, Plaintiff must first exhaust her administrative remedies before the Department of Defense. 28

---

[2] "[T]he FTCA does not authorize suits against federal agencies." *Mackall v. United States Dep't of Def.*, 2017 WL 5564665, at *5 (D. Md. Nov. 20, 2017), *aff'd*, 721 F. App'x 303 (4th Cir. 2018) (citation omitted).

U.S.C. § 2675(a). Absent administrative exhaustion, this Court is jurisdictionally barred from reviewing Plaintiff's claims. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Plaintiff did not exhaust her administrative remedies before the Department of Defense prior to filing the Complaint. *See* Dkt. 12-1.[3] Therefore, this Court lacks jurisdiction over Plaintiff's claims, and dismissal under Fed. R. Civ. P. 12(b)(1) is warranted.

Second, even when construing the Complaint as limited to *Bivens* and § 1983 claims, Plaintiff fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). "[A] *Bivens* cause of action is available only against federal officials in their individual capacities." *Byrd v. United States*, No. 1:09-cv-1208, 2010 WL 4922519, at *2 (E.D. Va. Nov. 29, 2010). Accordingly, a claimant cannot bring a *Bivens* action against an agency or against a government party acting in their official capacity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* action does not lie against either agencies or officials in their official capacity."); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that *Bivens* suits cannot be brought against agencies of the federal government). Nor can Plaintiff bring a § 1983 action against a federal agency or actor. *Tobey v. Napolitano*, 808 F. Supp. 2d 830, 846 (E.D. Va. 2011) (holding federal officials cannot be held liable under § 1983 absent conspiracy with state officials); *Mills v. U.S. Dep't of Just.*, No. 1:24-cv-988, 2025 WL 1210544, at *3 (E.D. Va. Apr. 25, 2025) ("Because § 1983 applies only to persons acting under color of state law, it is inapplicable to federal agencies."). Therefore, even if this Court did not lack jurisdiction, Plaintiff's Complaint must be dismissed on Rule 12(b)(6) grounds.[4]

---

[3] Because this matter is before the Court on a Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, the Court may consider exhibits outside the pleadings. *Williams*, 50 F.3d at 304.

[4] Given the sufficient grounds for dismissal laid out here, the Court does not find it necessary to address Defendant's third argument for dismissal under the *Feres* doctrine. *Feres v. United States*, 340 U.S. 135, 146 (1950) ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are incident to service.").

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice.**

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 60 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff, who is proceeding *pro se*.

Entered this 6th day of February, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge